# ADOLPH KREBAUM.

*v.*

# MANSFIELD W. CORDELL *et al.*

1. CHANCERY—*dismissing bill—practice.* Where a bill in chancery was filed by a husband and wife, and no motion was made to dismiss as to the wife, but answers were filed by the defendants, and the cause proceeded to a hearing on the merits upon the pleadings and proofs, it was *held,* that an assignment of error for not dismissing the bill as to the wife was not well taken.

2. WITNESS—*competency—wife.* Where land was purchased with the money of the wife, but the deed taken to the husband with the agreement that the title should be vested in the wife, who paid taxes on the land for a number of years under the belief that the deed was in her name: *Held,* on bill by the husband and wife against a party to whom the husband had made a conveyance which, though recorded, had never been delivered or accepted, that the wife was a competent witness, under the act of 1867.

3. ERROR—*admission of evidence.* It was urged, on appeal, that the court, on the hearing of a chancery cause, erred in not rejecting portions of a witness's deposition which was hearsay, but the part claimed to be hearsay was not pointed out: *Held,* that the error was not well assigned, as it would be presumed that the court below rejected all of the deposition which was not legitimate evidence.

4. SAME—*rejection of evidence.* When the rejection of testimony offered is assigned for error, the party should show what testimony was offered and rejected.

5. TRUST—*purchaser pendente lite.* Where land was purchased with the money of a wife by her husband, he taking a deed in his own name with the agreement and understanding that the title would be vested in the wife, who paid all the taxes thereon for ten years, supposing the deed to be in her name, and the husband made a·deed of the land to a brother, without any consideration whatever, and had the same recorded, but the same was never delivered to or accepted by the brother, who refused to convey to the wife, but after suit by the husband and wife to compel him to convey to the latter, conveyed the land to a stranger, who paid nothing therefor: *Held,* on amended bill making such grantee a party, that he held the land as trustee for the wife, and a decree requiring a conveyance to her was affirmed

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. FULLERTON & ROGERS, for the appellants.

Messrs. LACEY & WALLACE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This bill was originally filed in the Mason circuit court by Mansfield W. Cordell and Delia B. Cordell against George W. Cordell, and during the pendency of the suit appellant, Adolph Krebaum, was made defendant by amendment of the bill, he having obtained a conveyance from George W. Cordell of the land in controversy.

The object of the bill was to compel George W. Cordell to convey to Delia a certain tract of land described in the bill, and for general relief.

A decree passed against the defendants, the court finding that the deed under which George set up title, purporting to have been made by M. W. Cordell to him, was never delivered to George or accepted by him, but was made without his knowledge and deposited in the recorder's office by M. W. Cordell, where it remained until the trial of the cause, never having been seen by George, and he having no knowledge of it until informed of it by M. W. Cordell, who, at the same time, demanded a re-conveyance, claiming the land; and further, that whatever color of right G. W. Cordell had to the land was as trustee for Delia B. Cordell.

Krebaum alone appeals from this decree, and assigns the following as errors:

The circuit court erred in not dismissing the bill of complaint, as to Delia B. Cordell.

The court erred in admitting any of the testimony of Delia B. Cordell, and all of Margaret Johnson's that was hearsay, and was her opinion.

The court erred in decreeing appellant, Krebaum, to make deed to Delia B. Cordell.

The court erred in not receiving the testimony offered by appellant on hearing of said cause at the October term, 1871.

The court erred in not dismissing the bill of complaint at the cost of appellees.

We find in the abstract no motion made by defendants to dismiss the bill of complaint, but find that answers were filed to the original bill, on which issues were made up. We find further, that, on a second amendment being made, a demurrer was filed to the amended bill, and which being overruled, an answer was filed and a replication thereto. The first error is not well assigned.

As to the second, the whole case shows one in which Delia B. Cordell was a party in interest independent of her position as the wife of Mansfield W. Cordell. The proof is abundant and clear that the land was purchased in Cincinnati, Ohio, with her money, and the deed made to her husband, with the agreement and understanding that the title should be vested in her; that she paid the taxes on it for ten or more years thereafter, and always supposed the deed was in her name, and did not know to the contrary until sometime in 1865, when her husband had bargained it to one Hess. She had such an interest as the act of 1867 recognizes as sufficient to make her a competent witness.

The land being purchased with the money of the wife, her husband was a mere trustee for her, and she had a right to litigate that question.

It is not specially pointed out what portion of Margaret Johnson's testimony was hearsay. It was by deposition, and it is to be presumed the court rejected all such portions of it as were not legitimate evidence.

As to the fourth error, it is not shown what testimony was rejected by the court offered by appellant at the October term, 1871.

The fifth error is disposed of by the record. Answers were put in, replications filed, and the cause heard on the merits.

As to the third error, we are of opinion it is not well as-
signed.    Appellant purchased the land of George W. Cordell
*pendente lite,* paying nothing therefor, and there is no reason
why he should not return to Delia Cordell all the interest that
conveyance was designed to vest in him.

The decree meets our concurrence, and it must be affirmed.
The case abundantly shows a fraudulent attempt by George
W. Cordell to appropriate this land to himself, he well know-
ing he had no just claim to it under the deed from M. W.
Cordell, and that appellant was his instrument to effect such
purpose.

For the reasons given, the decree must be affirmed.

*Decree affirmed.*